IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL GREEN,

Plaintiffs,

v.

OPINION AND ORDER

26-cv-396-wmc

UNIVERSITY OF WISCONSIN
HOSPITAL AND CLINICS AUTHORITY,

Defendant.

---

In a previous order, this court dismissed self-represented plaintiff Michael Green's proposed amended complaint (dkt. #3) with prejudice for failure to state a federal claim upon which relief may be granted, finding that defendant University of Wisconsin Hospital and Clinics Authority ("UWHCA") is neither a state entity nor a person that may be sued under 42 U.S.C. § 1983, and declining to exercise supplemental jurisdiction over any remaining state-law claim. (Dkt. #5.) Now plaintiff has moved for reconsideration of that order under Fed. R. Civ. P. 59(e), arguing that the court ignored the fact that defendant may be held liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), as a private corporation contracting to provide essential government services to the Dane County Jail. (Dkt. #7 (citing *Shields v. Illinois Dept. of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014) (applying *Monell* to a private corporation).) In addition, plaintiff moves for (1) my recusal as judge and (2) the transfer of this case. (Dkt. #8.) For the reasons explained below, both motions will be denied.

OPINION

## I. Recusal

Plaintiff contends in his motion for recusal that I am biased and prejudiced against him, apparently because he was not allowed to proceed on a federal claim against UWHCA in this case and issued an order in Case No. 24-874 (dkt. #7), which threatened plaintiff with sanctions, including barring him from filing additional motions or new lawsuits. To begin, the fact that this court dismissed plaintiff's complaint without leave to amend and issued a sanctions warning does not warrant my recusal. Far from it, as unfavorable "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"; instead, "they are proper grounds for appeal, not for recusal." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Moreover, in making its rulings, this court has neither relied on any knowledge acquired outside the proceedings, nor displayed deep-seated and unequivocal antagonism that would render fair judgment impossible. *See id*. (explaining requirements for establishing bias and impartiality). Rather, this court merely and properly reminded plaintiff of the potential for sanctions if he engaged in any further abusive behavior toward court personnel. *See* 28 U.S.C. §§ 455(a) and (b)(1) (judges must disqualify themselves in proceedings in which they have personal bias or prejudice and their impartiality might be reasonably questioned). Thus, having failed to establish any bias against him, plaintiff's motion for recusal will be denied.

## II. Reconsideration

As discussed in the order dismissing plaintiff's complaint, plaintiff claims that defendant adopted a "medical clearance policy" for Dane County Jail detainees awaiting release on bail in violation of the Due Process Clause of the Fourteenth Amendment, as well as state medical battery law. Specifically, he alleges that on July 16, 2024, he was detained at the Dane County Jail awaiting release on bail when staff ordered that he be transported to defendant UWHCA for a medical evaluation for unspecified reasons.[1] Despite plaintiff's reported refusal of all medical care, he purports to have been told by "someone" that he could not leave against medical advice or post bail *unless* he "submitted to testing" in violation of his due process right to bodily autonomy. (Dkt. #3, at ¶ 15.) According to the proposed amended complaint, however, it appears that hospital personnel only checked plaintiff's vital signs and pacemaker, as plaintiff alleges that he refused lab work and other monitoring devices. (*Id*. at ¶¶ 10-13.) The court further understands plaintiff to claim that defendant conducted non-emergency evaluations and testing without consent for the allegedly fraudulent purpose of billing Medicaid.

However, plaintiff neither offers evidence showing that his case was dismissed improperly nor that he is entitled to relief under Fed. R. Civ. P. 59(e). Despite plaintiff's arguments to the contrary, UWHCA is a non-profit, charitable organization under §

---

[1] The court takes judicial notice of state court records showing that during the relevant time period plaintiff was charged with disorderly conduct in Dane County Case No. 24CM1633 and released on a signature bond on July 18, 2024, then later found guilty of those charges following a jury verdict rejecting his plea of not guilty by reason of temporary insanity. *See* Wisconsin Circuit Court Access, www.wicourts.gov (last accessed June 24, 2026); *Patrick v. City of Chicago*, 81 F.4th 730, 734 n.2 (7th Cir. 2023) (citing *Ewell v. Tony*, 853 F.3d 911, 917 (7th Cir. 2017) (state court proceedings are a proper subject of judicial notice).

501(c)(3) of the Internal Revenue Code, not a state actor. As a non-profit organization -- even one that has contracted to provide essential government services -- it cannot be held liable under § 1983 unless a constitutional violation was caused by an unconstitutional policy or custom of the corporation *itself*. *Shields*, 746 F.3d at 789; *Emrit v. Epic Med. Recs.*, No. 18-cv-937-wmc, 2021 WL 5881976, at *2 (W.D. Wis. Dec. 13, 2021) (citing same).

While plaintiff asserts that defendant UWHCA's "medical clearance policy" caused him to be subjected to unwanted medical testing in order for him to be released, plaintiff was in the custody of the Dane County Jail at the time of this alleged incident, thus, he was subject to the *jail's* medical clearance procedure and possible conditions of release imposed by a judge, not UWHCA. *See* Wis. Stat. Ch. 969 (bail and other conditions of release). As this court has held, not only is it "well-established that conditions or restrictions accompanying pretrial detention are constitutionally permissible if they are reasonably related to a legitimate governmental interest," but "Dane County Jail has an obvious interest in ensuring that individuals brought to the jail do not need immediate medical care." *Cibulka v. City of Madison*, 448 F. Supp. 3d 1002, 1023 (W.D. Wis. 2020), *aff'd*, 992 F.3d 633 (7th Cir. 2021) (citing *Bell v. Wolfish*, 441 U.S. 520, 539 (1979); *Sullivan v. Bornemann*, 384 F.3d 372, 376 (7th Cir. 2004) ("Without [a medical clearance] procedure, law enforcement officials risk liability if a medical emergency occurs while the detainee is in their custody")). Because plaintiff's allegations do not permit a plausible inference that a policy or practice of UWHCA -- as opposed to the Dane County Jail -- caused any violation of his constitutional rights, he has failed to state a claim against UWHCA under § 1983.

Finally, plaintiff suggests that defendant committed medical battery. However, without a federal-law claim in this case, this court cannot consider plaintiff's state-law claim unless he were to show that the following requirements for the court's diversity jurisdiction are met: (1) he and all defendants are citizens of different states; and (2) more than $75,000 is in controversy. 28 U.S.C. § 1332. While plaintiff argues in his motion for reconsideration that he can satisfy these requirements, his proposed amended complaint fails to contain sufficient allegations from which the court can infer either requirement for diversity jurisdiction. In any event, the elements of battery in Wisconsin include *unlawful and intentional* contact resulting in the infliction of *physical harm*. *Vandervelden v. Victoria*, 177 Wis. 2d 243, 249-50 (Ct. App. 1993) (citing Wis JI-Civ 2005). Plaintiff's allegations do not permit a plausible inference that defendant committed battery by checking plaintiff's vitals and pacemaker, both of which appeared to have been required by the Dane County Jail's medical clearance procedure and did not result in physical harm to plaintiff. Accordingly,

ORDER

IT IS ORDERED that plaintiff Michale Green's motion for reconsideration (dkt. #7) and motion for recusal (dkt. #8) are DENIED.

Entered this 17th day of August, 2026.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge